UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT BRUMBACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00366-JMS-MJD |
| | ) | |
| NORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Robert Brumback alleges that Defendant Officer Norris violated his constitutional rights by delaying his access to a restroom and making him wait more than an hour to clean up after he defecated in his clothes. Dkt. 20 (Screening Order). Officer Norris moves for summary judgment, arguing that Mr. Brumback failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, dkt. [40], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE.**

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A

court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Brumback failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see also* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts).[1] "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

---

[1] The Court observes that Mr. Brumback filed a "reply to exhaustion defense" after Officer Norris filed his answer but more than two months before Officer Norris moved for summary judgment. Dkt. 31. That filing did not obviate the necessity of responding to the summary judgment motion, *see* S.D. Ind. Local Rule 56-1 (party opposing summary judgment motion must file and serve a response brief), but, even if the Court considered the filing, the outcome does not change. The grievance documents attached to Mr. Brumback's reply, dkt. 31-1, are the same as those included with Officer Norris's summary judgment motion. As explained below, the documents show that Mr. Brumback did not fully exhaust the grievance process before filing this lawsuit.

## II.
## Factual Background

At all times relevant to the claims in this suit, Mr. Brumback was incarcerated at Putnamville Correctional Facility ("Putnamville"), a prison within the Indiana Department of Correction ("IDOC"). The IDOC has a standardized grievance process which was in place during the time Mr. Brumback alleges his rights were violated. Dkt. 42-1 at 6, 8–22.

IDOC Policy and Administrative Procedures 00-02-301, Offender Grievance Process is the IDOC policy governing the grievance procedure and details how a prisoner must exhaust his administrative remedies. *Id.* During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 10. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process, including submitting a second-level appeal to the IDOC Grievance Manager. *Id.* at 5. As relevant here, the policy provides that, if the Warden/designee does not respond to a first-level appeal within the timeframes designated by the policy, the inmate may move on to a second-level appeal before receiving a response to the first-level appeal. *Id.* at 20.

Mr. Brumback submitted a grievance related to the allegations at issue in this lawsuit. *Id.* at 24–25. He received a response to that grievance and filed a first-level appeal, which is dated June 14, 2023. *Id.* at 28. The first-level appeal was received by Putnamville's grievance office on June 26, 2023. *Id.* He filed his complaint in this lawsuit on July 14, 2023. Dkt. 2. The warden responded to his first-level appeal on August 22, 2023. Dkt. 42-1 at 29. On October 4, 2023, Mr. Brumback checked a box on that response indicating that he disagreed with the first-level appeal response and wanted to pursue a second-level appeal. *Id.* The grievance specialist at Putnamville

3

has submitted an affidavit stating that she had been unable to locate any record of a response to the second-level appeal. *Id.* at 7.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). As a result, an inmate who brings suit before completing any grievance procedure has failed to exhaust administrative remedies, even if the process is completed after the suit is filed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). "Because exhaustion is an affirmative defense," Defendants must show that "an administrative remedy was available and that [Mr. Brumback] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

Officer Norris has met his burden of proving that Mr. Brumback "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. As Officer Norris argues, the undisputed evidence shows that Mr. Brumback did not even attempt to file a second-level grievance appeal until *after* he had filed this lawsuit, which is too late. Further, Mr. Brumback has

not responded to Officer Norris's motion or otherwise identified a genuine issue of material fact supported by admissible evidence that counters the facts established by Officer Norris.

In short, Mr. Brumback did not complete the available administrative process as required before filing this lawsuit. *See Mullis v. Lane*, No. 1:22-cv-2025-MPB-TAB, dkt. 32 (S.D. Ind. Jan. 30, 2024) (granting summary judgment on exhaustion grounds where plaintiff did not complete grievance process until after filing suit); *cf. Arnold v. Cupp*, No. 2:22-cv-00253-JMS-MKK, 2024 WL 1933043, at *3 (S.D. Ind. May 2, 2024) (granting summary judgment on exhaustion grounds where plaintiff filed suit rather than pursuing second-level grievance appeal when he did not receive timely response to first-level appeal). The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Officer Norris must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the above reasons, Officer Norris's unopposed motion for summary judgment, dkt. [40], is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 1/6/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT BRUMBACK
874533
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Stephanie Michelle Davis
Office of Attorney General Todd Rokita
stephanie.davis@atg.in.gov